AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

FILED
United States District Court
Albuquerque, New Mexico
Mitchell R. Elfers
Clerk of Court

| In the Matter of the Search of | ) | |
|---|---|---|
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) | Case No. **25mr675** |
| Gold 2012 Chevy Malibu bearing New Mexico license plate BWBN87 with VIN: 1G1Z5E03CF229 | ) ) ) | |

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, incorporated by reference.

located in the _____ District of _____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1153 and/or 1152 | Offenses committed within Indian Country |
| 18 U.S.C. § 1111 | Murder |
| 18 U.S.C. § 924(c)(1)(A)(iii) | Use and Possession a Firearm in Furtherance of a Crime of Violence (Discharge) |

The application is based on these facts:
See attached affidavit, submitted by SA Justin Keck and approved by AUSA Zach Jones.

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Justin Keck, FBI Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
Telephonically sworn and electronically signed *(specify reliable electronic means)*.

Date: 04/14/2025

*Judge's signature*

City and state: Albuquerque, New Mexico    Honorable John F. Robbenhaar, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF A GOLD 2012 CHEVY MALIBU BEARING NEW MEXICO LICENSE PLATE BWBN87 WITH VIN 1G1ZC5E03CF229173. | Case No. _____<br><br>**Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Justin Keck, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION & AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41. This warrant is to search a gold 2012 Chevy Malibu bearing New Mexico license plate number BWBN87 and vehicle identification number (VIN) 1G1ZC5E03CF229173. It is hereinafter referred to as "Target Vehicle." Target Vehicle is registered in New Mexico to Arlinda Lonasee, year of birth unknown. Arlinda is the mother of Randy L., a juvenile suspected of murdering Charles Booqua, Jr. at around 7:50 p.m. on March 7, 2025.

2. Based on the facts set forth in this affidavit, there is probable cause to believe evidence of these crimes are located within the Target Vehicle:

   a. 18 U.S.C. § 1153 and/or 1152 – Offenses committed within Indian Country;

   b. 18 U.S.C. § 1111 – Murder; and

   c. 18 U.S.C. § 924(c)(1)(A)(iii) – Use and Possession a Firearm in Furtherance of a Crime of Violence (Discharge).

3. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been so employed since December 2020. As such, I am a federal law-enforcement officer within the

meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent with statutory arrest authority charged with conducting criminal investigations of violations of federal criminal statutes, including Title 18 of the United States Code. Prior to my employment with the FBI, I was an Adult Probation and Parole Agent with the Utah Department of Corrections and a Corrections Officer with Weber County Sheriff's Office. I am currently assigned to the Albuquerque Field Office, Gallup Resident Agency, where my primary duties as a Special Agent include investigating violent crimes occurring in Indian Country.

4. I have received training and have gained experience in the investigation and enforcement of major crimes, to include murder, firearms offenses, kidnapping, and other federal crimes. I have gained experience in such investigations through previous case investigations, formal training, and in consultation with law-enforcement partners in local, state, tribal, and federal law-enforcement agencies. My training and experience include interview techniques, arrest procedures, search-warrant applications, the execution of searches and seizures, and various other criminal laws and procedures.

5. The facts in this affidavit are based upon my personal observations, my training and experience, and information reported to me by other federal, state, tribal, and local law-enforcement officers during their official duties. This affidavit is also based upon information gained from interviews with citizen witnesses, whose reliability is established separately herein.

6. This Court has jurisdiction to issue this proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, this Court is a district court of the United States that has jurisdiction over the offenses being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

7. Based upon the following information, probable cause exists to believe the Target

Vehicle (described in detail in Attachment A) will contain items described in Attachment B, which will assist law enforcement in continuing this criminal investigation.

### PROBABLE CAUSE TO SEARCH THE TARGET VEHICLE

8. During the late evening of Friday, March 7, 2025, the Albuquerque FBI, Gallup Resident Agency, was contacted by Zuni Police Department (ZPD) regarding a fatal shooting that occurred in front of a home located at 40 Pointed Rock in Zuni, New Mexico 87327. This residence is believed to be located within the exterior boundaries of the Pueblo of Zuni.

9. At about 7:55 p.m. that night, ZPD officers received an "all emergency" page regarding a person who had been shot. Multiple ZPD officers quickly responded to 40 Pointed Rock to investigate.

10. When officers arrived at 40 Pointed Rock, they saw Charles Booqua, Jr., year of birth 1981, on the ground, shot in the chest. Booqua, Jr. is an enrolled member of the Pueblo of Zuni. He was gurgling for air. Police and witnesses administered CPR. Booqua, Jr. died a short time later.

11. After the shooting, police interviewed Booqua, Jr.'s children—Bobby Latone (20 years old) and Malinda B. (16 years old). The children said Randy L. was the person who shot their father. Latone and Malinda B. said Booqua, Jr. went to 40 Pointed Rock that night to pick them up. When Booqua, Jr. arrived in a car at the residence to pick his children up, Randy L. was already parked in another car (a light brown Chevy Malibu) right outside the residence. Booqua, Jr. exited the car he arrived in and verbally confronted Randy L., who was still seated in his car. This confrontation concerned Randy L. asking someone to beat up Malinda L. at school. This short conversation became confrontational; Randy L. then shot Booqua, Jr. with a handgun from the front seat of his Malibu. Randy L. then drove away.

12. Randy L. is well known to Latone, Malinda, and Booqua, Jr. Randy L. is a cousin

3

to both Latone and Malinda B. Randy L. and Latone both live at 40 Pointed Rock.

13. Law enforcement also interviewed Kenton Kallestewa. Kallestewa said he drove Booqua, Jr. on March 7, 2025, to 40 Pointed Rock to pick up Latone and Malinda B. When they arrived, a "youngster" in a gold car was parked out front. Kallestewa saw Booqua, Jr. talk to the young man in the car. After Booqua, Jr. was shot, Latone and Malinda B. told him to leave, and that they would get another ride. Kallestewa thus left.

14. ZPD did not locate Randy L. that night.

15. The next day, on March 8, 2025, Latone telephoned ZPD to report the Target Vehicle was parked at House #09B on Sunshine Street in Zuni.

16. Also on March 8, 2025, ZPD officers were summoned to the Zuni Detention Center lobby, where Randy L. wanted to turn himself in. Randy L. was thus arrested.

17. ZPD Officers contacted Randy L.'s mother, Arlinda Lonasee, the registered owner of Target Vehicle. Lonasee said the Target Vehicle was located at #09B Sunshine Street.

18. The Target Vehicle was seized by ZPD from #09 Sunshine Street. It remains in ZPD custody as of this writing.

## AUTHORIZATION REQUEST

19. Evidence strongly suggests Randy L. was driving the Target Vehicle when he shot and killed Charles Booqua, Jr. and drove to #09B Sunshine Street.

20. Based on the foregoing, I request this Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41, authorizing the FBI or their authorized representatives to search the Target Vehicle, further described in Attachment A, and seize evidence of violations of 18 U.S.C. § 1153 and/or 1152 (Offenses committed within Indian Country), 18 U.S.C. § 1111 (Murder), and 18 U.S.C. § 924(c)(1)(A)(iii) (Use and Possession a Firearm in

Furtherance of a Crime of Violence (Discharge)), further described in Attachment B.

Respectfully Submitted,

Justin Keck
Special Agent, FBI

Telephonically sworn and electronically signed on _____April 14_____, 2025.

_____
UNITED STATES MAGISTRATE JUDGE

5

## ATTACHMENT A

**Property to Be Searched**

Gold 2012 Chevy Malibu bearing New Mexico license plate number PLATE BWBN87 with VIN no. 1G1ZC5E03CF229173.

## ATTACHMENT B

**Things to be Seized**

Target Vehicle, as well as evidence of violations of 18 U.S.C. § 1153 and/or 1152 (Offenses committed within Indian Country), 18 U.S.C. § 1111 (Murder), and 18 U.S.C. § 924(c)(1)(A)(iii) (Use and Possession a Firearm in Furtherance of a Crime of Violence (Discharge)), by Randy L., to include the following:

1. Firearms and ammunition, as defined by 18 U.S.C. § 921.
2. Any items, such as clothing, indicating the potential presence of blood or other bodily secretions consistent with emission from a gunshot wound.
3. Any cellular telephones, digital tablets, or other communication devices and any and all information related to the fatal shooting stored on such communication devices, including:
   a) Phone numbers, names, usernames, email addresses, residential addresses, and other identifying information of associates of the user of the communication devices;
   b) Audio and video calls made to or from the communication devices, along with the duration and date and time each such communication occurred;
   c) Any message logs or messages, whether sent from, to, or drafted on the communication devices, along with the date and time each such communication occurred;
   d) The content of voicemail messages and audio and video messages stored on the communication devices, along with the date and time each such communication occurred;
   e) Photographs or video recordings;

  f) Information relating to the schedule, whereabouts, or travel of the user of the communication devices;

  g) Information relating to other methods of communications, including the contents of those communications, utilized by the user of the communication devices and stored on the communication devices;

  h) Bank records, checks, credit card bills, account information, and other financial records; and

  i) Evidence of user attribution showing who used or owned the communication devices, such as social-media accounts, email addresses, messages, location information, photographs and videos, phonebooks, saved usernames and passwords, documents, and internet browsing history.

This warrant authorizes a review of all electronic media seized pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The warrant also authorizes a review of all electronic media for evidence of who used, owned, or controlled the electronic media at the time the things described in this warrant were created, edited, or deleted. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, law enforcement may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.